CP-2001-5                                                                1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Benjamín Angueira Aguirre | Querella <br><br> 2002 TSPR 92 <br><br> 157 DPR _____ |

Número del Caso: CP-2001-5


Fecha: 28/junio/2002


Oficina del Procurador General:
                              Lcda. Minnie H. Rodríguez López
                              Procuradora General Auxiliar


Abogado de la Parte Querellada:
                              Lcdo. Hiram Torres Cuebas



Materia: Conducta Profesional

       Este documento constituye un documento oficial del Tribunal
       Supremo que está sujeto a los cambios y correcciones del proceso
       de compilación y publicación oficial de las decisiones del
       Tribunal. Su distribución electrónica se hace como un servicio
       público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Benjamín Angueira Aguirre

CP-2001-5

PER CURIAM

San Juan, Puerto Rico a 28 de junio de 2002

Luego de presentadas varias quejas respecto al abogado de epígrafe, remitimos las mismas al Procurador General para que rindiera el informe correspondiente.  El mismo tiene fecha de 5 de diciembre de 2000; el Lcdo. Benjamín Angueira Aguirre (en adelante Lcdo. Angueira Aguirre o querellado) contestó el 1 de febrero de 2001.

El 28 de marzo de 2001, el Procurador General presentó la correspondiente querella contra el Lcdo. Angueira Aguirre.  En ésta se le sometieron cuatro (4) cargos por violación a los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX.  El primero fue por

alegadamente retener la cantidad de $3,000 de honorarios de abogado por labores no realizadas, en violación al Canon 18, *supra*. El querellado había entregado a sus clientes un cheque por $2,000, el cual fue devuelto por fondos insuficientes, y luego otro por $3,000 que también fue devuelto por la misma razón. Finalmente, el querellado entregó tres (3) giros de $1,000 cada uno.

El segundo cargo le imputó al querellado el haber retenido y dilatado la entrega de $945 por servicios profesionales pagados pero no realizados, en violación al Canon 18, *supra*. En el tercer cargo, relacionado con los hechos del segundo cargo, se le imputó violación al Canon 19, *supra*, al no mantener a su cliente informado y al demostrar una falta de accesibilidad respecto al cliente. El abogado alegadamente no contestaba las llamadas de la cliente a pesar de que ésta le dejaba mensajes con la secretaria. Finalmente, el cuarto cargo le imputó violación al Canon 23, *supra*, al no devolver diligentemente los honorarios entregados por sus clientes como adelanto de servicios profesionales que no fueron rendidos.

En su contestación a la querella,[1] el Lcdo. Angueira Aguirre explicó que los cheques devueltos por fondos insuficientes se debieron a que un paralegal que trabajaba en su oficina no había hecho las transferencias correspondientes para que la cuenta contara con los fondos suficientes. En cuanto a la retención de los $945, el querellado alegó que hizo las gestiones por las que fue contratado: viajó desde San Juan a Ponce en varias ocasiones para reunirse con el hijo de la querellante, el cual era confinado de la institución Las Cucharas de Ponce. Alegó que luego de las entrevistas con el confinado, el estudio de la exposición narrativa de la prueba y el análisis del posible testimonio de un primo, entendió que no era posible solicitar nuevo juicio. Expresó, además, que estaría dispuesto a reembolsarle todo el dinero a la Sra. Rivera Bermúdez pero que preferiría que se honraran los gastos incurridos en su gestión respecto al caso.

El 26 de junio de 2001, designamos a un Comisionado Especial para que oyera prueba y rindiera un informe. El Informe se presentó ante nos el 25

---

[1] En ésta el querellado se refirió a su contestación al Informe del Procurador General para constatar sus defensas a los cargos imputados.

de enero de 2002. En cuanto al primer cargo, el Comisionado expresó que el querellado prestó los servicios por los que fue contratado y, por lo tanto, no quedó probado el cargo.[2] Añadió que fue debido a un error en la dirección postal que los documentos del cliente estuvieron extraviados. La prueba estableció la prestación de los servicios requeridos.

En cuanto al segundo cargo, el Comisionado estimó que éste tampoco quedó probado.[3]

Concluyó que el querellado efectuó las gestiones profesionales por las que fue contratado y que, por lo tanto, no incurrió en retención indebida de dinero.

El Comisionado Especial sólo encontró probado el tercer cargo imputado. Estimó que el Lcdo. Angueira Aguirre incurrió en violación al Canon 19 de Ética Profesional, *supra*, al no mantener informado a su cliente, según los casos *In re* Grau Díaz, res. el 1 de mayo de 2001, 2001 J.T.S. 70, págs. 1253-54; *In re* Semidey Morales, res. el 3 de julio de 2000, 2000 J.T.S. 130, pág. 5; *In re* Maduro Classen, 142 D.P.R. 611, 618 (1997). La Sra. Rivera Bermúdez no logró entablar comunicación con el Lcdo. Angueira Aguirre luego de éste recibir los $945 de adelanto por sus servicios profesionales. La Sra. Rivera Martínez trató en innumerables ocasiones de comunicarse con el querellado, dejando mensajes con su secretaria, sin éxito alguno.

Hemos tomado en consideración que el Lcdo. Angueira Aguirre fue apercibido por este Tribunal, mediante una resolución de 10 de agosto de 2001, precisamente por una queja presentada en su contra sobre una violación al Canon 19 por no mantener a su cliente debidamente informado.[4] Adoptando lo expresado por el Comisionado Especial, y considerando lo antes expuesto, procedemos a censurar la actuación del Lcdo. Angueira Aguirre y a apercibirle que de incurrir en este tipo de violación ética en el futuro, seremos más

---

[2]    Debido a que el cuarto cargo estaba relacionado con el primero, tampoco se probó el cuarto cargo respecto a los Sres. Yahaira Sanabria y Miguel Otero.

[3]    Debido a que el cuarto cargo estaba relacionado con el segundo, tampoco se probó el cuarto cargo respecto a la Sra. Rivera Bermúdez.

[4]    La queja fue archivada, pero no sin antes haber apercibido al Lcdo. Angueira Aguirre sobre su deber profesional como abogado bajo el Canon 19, *supra*.

severos en la imposición de sanciones disciplinarias.  Se ordena el archivo de esta queja.

Se emitirá la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Benjamín Angueira Aguirre

                    CP-2001-5

                    SENTENCIA

San Juan, Puerto Rico a 28 de junio de 2002

    Por los fundamentos expuestos en la Per Curiam que antecede, la cual es parte integral de la presente, y, al tomar en consideración que el Lcdo. Angueira Aguirre fue apercibido por este Tribunal, mediante una resolución de 10 de agosto de 2001, precisamente por una queja presentada en su contra sobre una violación al Canon 19 por no mantener a su cliente debidamente informado, procedemos a censurar la actuación del Lcdo. Angueira Aguirre y a apercibirle que de incurrir en este tipo de violación ética en el futuro, seremos más severos en la imposición de sanciones disciplinarias. Se ordena el archivo de esta queja.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervinieron.


                    Patricia Otón Olivieri
                Secretaria del Tribunal Supremo